UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-10251-RGS

BIRGER ENGINEERING, INC.

v.

UNITED STATES OF AMERICA

MEMORANDUM OF DECISION AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

August 20, 2018

STEARNS, D.J.

On December 5, 2012, Birger Engineering, Inc. (Birger) sent the Internal Revenue Service (IRS) a check for $25,252.74 to settle a 2009 tax assessment. After determining that the assessment had been mistakenly imposed, Birger filed a Form 941-X on November 26, 2014, seeking a refund. In May of 2015, the IRS notified Birger that it had approved the claim and that Birger would be repaid in full, with interest. Seven months later, in January of 2016, having not received the refund, Birger contacted the IRS and was told that the payment had been placed on hold. At the direction of the IRS, Birger prepared and filed a Form 843 regarding the erroneous 2009 assessment. Separately, Birger filed a Form 941-X seeking a $14,860.95 refund for an allegedly incorrect 2011 IRS assessment, which Birger had paid

in February of 2014. Once again, the IRS directed Birger to file a Form 843, and Birger complied. The IRS subsequently denied the 2009 claim as untimely, and has declined to issue a decision regarding Birger's 2011 claim. Birger filed this Complaint against the United States in the federal district court. Before the court is the government's motion to dismiss.

## BACKGROUND[1]

### The First Refund Claim

On August 1, 2011, the IRS "made a tax assessment on Birger in the amount of $25,322.95." Compl. ¶ 5. Thereafter, several credit adjustments reduced this initial tax assessment to zero. *Id.* ¶¶ 6-7. However, the IRS subsequently reassessed Birger for the same amount. *Id.* ¶¶ 8-9. Under the "threat of property seizure," Birger paid the second assessment t0 the IRS by a check dated December 5, 2012. Pl.'s Opp'n, Dkt. #21 at 2; Compl. ¶ 11.

On November 26, 2014, Birger filed a Form 941-X (Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund) to claim a refund of the second assessment, stating that it "made an extra payment due to a repetitive IRS assessment that had previously been credited in full," and

---

[1] For the purposes of this motion to dismiss, the court accepts Birger's well-pled facts as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

that the "IRS erroneously made duplicate assessments for the quarters 9/30/2009 and 12/31/2009." *Id.* ¶ 13.

On May 4, 2015, the IRS notified Birger in writing that it had approved the November of 2014 claim and that it would pay Birger a full refund, including interest and penalty decreases, for a total of $29,784.22. *Id.* ¶ 15. Birger never received the refund, and on January 13, 2016, "counsel for Birger contacted the IRS to inquire about the status of Birger's refund check." *Id.* ¶ 17. An IRS employee told counsel that the refund had been placed on hold "pending a review by the statute of limitations section." *Id.* The employee also directed Birger to prepare a Form 843 (Claim for Refund and Request for Abatement), which Birger completed and filed on January 21, 2016. *Id.* ¶ 19.

On February 17, 2016, the IRS informed Birger by letter that the refund claim "was disallowed because it was filed more than two years after the payment of the tax." *Id.* ¶ 20. Birger's subsequent appeal was denied on December 5, 2017. *Id.* ¶ 22.

*The Second Refund Claim*

An internal accounting error gave rise to Birger's second refund claim. *Id.* ¶ 30. In 2011, Birger's payroll company inadvertently attributed $11,992.96 in tax payments to the company's fourth quarter (Q4), when the

"amount should have been credited to" its third quarter (Q3).  *Id.* ¶¶ 29-31.
Accordingly, although "too much had been paid in Q4 and too little was paid
in Q3," "Birger's withholding and trust taxes due for 2011 had been paid in
full by the end of Q4 2011."  *Id.* ¶ 32.

On November 11, 2013, the IRS assessed Birger for the shortfall in 2011
Q3, not taking into account that Birger had paid its 2011 tax liability in full
in the final quarter of the year.  *Id.* ¶ 33.  Birger, because of an accounting
oversight, did not recognize that the November 2013 assessment was
redundant and paid the amount on February 12, 2014.  *Id.* ¶¶ 34-36.  On
January 21, 2016, having realized the mistake, Birger filed a Form 941-X
seeking a refund of the February of 2014 payment.  *Id.* ¶ 27.  After an IRS
employee informed the company that a Form 843 was the proper avenue for
relief, Birger immediately prepared and filed the Form.  Pl.'s Opp'n at 7.  To
date, the IRS has not made a decision on Birger's claim.  Compl. ¶ 37.

On February 7, 2018, Birger filed this Complaint in the federal district
court, seeking a full refund for both payments, statutory interest, and
attorneys' fees.  Compl. at 8-9.  The government subsequently moved to
dismiss, asserting that Birger lacks standing to bring this action by operation
of the statute of limitations.  *See* Fed. R. Civ. P. 12(b)(1).

## STANDARD OF REVIEW

Standing is a prerequisite to a court's Article III authority to adjudicate a case. *See Baena v. KPMG LLP*, 453 F.3d 1, 4 (1st Cir. 2006). "[A]t the pleading stage, the plaintiff bears the burden of establishing sufficient factual matter to plausibly demonstrate [its] standing to bring the action." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 731 (1st Cir. 2016). "While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion." *Gonzalez v. U.S.*, 284 F.3d 281, 288 (1st Cir. 2002).

## DISCUSSION

### *The First Refund Claim*

The government contends that this court lacks jurisdiction over Birger's first refund claim, because Birger filed its Form 843 more than two years after the payment of the tax. To bring a claim for recovery of improperly collected taxes, a plaintiff must first exhaust its administrative remedies:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary*, according to the provisions of law in that

regard, and the regulations of the Secretary established in pursuance thereof.[2]

26 U.S.C. § 6511(a) sets out the relevant statute of limitations governing tax refunds:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . . .

26 C.F.R. § 301.6402-2(c) further provides that "[a]ll claims by taxpayers for the refund of taxes, interest, penalties, and additions to tax that are not otherwise provided for must be made on Form 843, 'Claim for Refund and Request for Abatement.'" According to the government, because Birger filed its Form 843 in January of 2016 for the payment made in December of 2012, the Form was untimely.

Birger, for its part, argues that by filing its Form 941-X in November of 2014 – within two years of the tax payment – it satisfied the statute of limitations. Birger also contends that its Form 941-X constitutes an adequate refund claim because it clearly "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402-2(b)(1).

---

[2] 26 U.S.C. § 7422(a) (emphasis added).

The IRS's contention that Birger failed to file a timely refund claim is a damp squib. The government attempts to characterize Birger's claim as seeking a refund of the initial August of 2011 assessment (which was accounted for by subsequent credit adjustments). On this point, Birger could not have been clearer: "Client made an *extra payment* due to a repetitive IRS assessment that had been previously credited in full." Compl., Ex. A (November 26, 2014 Form 941-X) at 6, 9 (emphasis added); *see id.*, Ex. D (January 21, 2016 Form 843) at 2 ("The Second Tax Assessment was improperly assessed and should not have been paid (*on or about December 5, 2012*).") (emphasis added).

The government's focus is on form over substance. The Supreme Court has held, apropos of this issue,

> that a [timely] notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and regulations, *will nevertheless be treated as a claim* where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period.

*U.S. v. Kales*, 314 U.S. 186, 194 (1941) (emphasis added). Assuming, *arguendo*, that Form 843 would have been the proper vehicle[3], Birger's

---

[3] On this issue, the Form 843 provides conflicting instructions. The legend at the top of the Form states: "**Do not** use Form 843 if your claim or request involves: (a) an overpayment of income taxes or an employer's claim

7

November of 2014 941-X filing "fairly advis[ed] the Commissioner of the nature of the taxpayer's claim." *Id.* The Form 941-X describes in full the circumstances of the overpayment and "includes IRS Account Transcripts for the periods under review." Compl., Ex. A at 6. As evidenced by the IRS's May of 2015 letter approving the refund, any argument that the Form 941-X was inadequate is disingenuous.

*The Second Refund Claim*

The government once again pins its argument on a technical defect in Birger's paperwork. The government maintains that because Birger mistakenly "identified the third quarter of 2011" – rather than the fourth quarter – in its Form 843 claim for refund, Birger "failed to comply" with the Treasury Regulations requirement "that separate claims for refund be submitted for separate tax periods." Def.'s Mot. at 7; *see* 26 C.F.R. § 301.6402–2(d) ("In the case of income and gift taxes . . . a separate claim must be made for each taxable period.").

---

for FICA tax, RRTA tax, or income tax withholding (use the appropriate amended tax return)." Compl., Ex. D at 3 (emphasis in original). This court is not the first to note the dissonance. The D.C. Circuit, in a similar case, described the irreconcilable standards of 26 C.F.R. § 301.6402–2(c) and Form 843's directions as a "virtual house of mirrors" for taxpayers, leading to unavoidable "dead ends." *Cohen v. United States*, 578 F.3d 1, 10 (D.C. Cir. 2009), *rev'd on other grounds*, 650 F.3d 717 (D.C. Cir. 2011) (*en banc*).

The designation of Q3 or Q4 is, however, immaterial. (Birger selected Q4 in the Form 941-X). Both the Form 941-X and the subsequent Form 843 submitted by Birger to the IRS explained that the assessment and overpayment arose from the misallocation of taxes owed between 2011 Q3 and Q4. Whether characterizing Birger's claim as a refund of the Q3 assessment or of the Q4 overpayment, the end result is the same. The Forms and their accompanying Account Transcripts "fairly advis[ed] the Commissioner of the nature of [Birger's] claim." *Kales*, 314 U.S. at 194.

## ORDER

For the foregoing reasons, the government's motion to dismiss is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE