UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-10251-RGS

BIRGER ENGINEERING, INC.

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT

August 2, 2019

STEARNS, D.J.

Birger Engineering, Inc., brought this lawsuit against the United States of America, seeking a refund under 26 U.S.C. § 7422 for two tax overpayments it believes it made to the Internal Revenue Service (IRS). Specifically, Birger alleges that it overpaid its federal taxes for the fourth quarter of 2009 and for the fourth quarter of 2011 in the amount of $25,252.74 (Count I) and $14,860.95 (Count II), respectively. Both parties now move for summary judgment. Although the government concedes that Birger is entitled to a refund of $29,784.22, plus interest under 26 U.S.C. § 6611, for overpaying its taxes in 2009, Birger contends that it is also entitled to a similar refund of its 2011 tax payments. The court heard oral argument on the cross-motions on August 1, 2019. For the reasons to be

explained, the government's motion for summary judgment will be allowed, while Birger's motion will be denied.

## BACKGROUND

The material facts are as follows. On December 29, 2009, Birger paid the IRS $25,322.96 – what it believed to be its tax liability for the fourth quarter of 2009. Since the deposit exceeded the IRS's then-assessment for that quarter, the IRS credited the entire amount towards future tax periods.[1] Then, on August 1, 2011, the IRS revised its assessment and charged Birger $25,322.95 (the amount Birger had originally calculated) for the fourth quarter of 2009, which Birger satisfied through credits from other tax periods.[2] On April 10, 2012, Birger submitted a Form 941-X (Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund) stating that the $25,322.94 tax bill it had previously reported for the fourth quarter of 2009 should, in fact, have been attributed to the third quarter. The IRS processed the form and, on May 28, 2012, assessed Birger $25,322.94 for the third quarter of 2009. On December 6, 2012, Birger paid the IRS $25,252.74 to satisfy this third quarter assessment.

---

[1] The IRS first issued it as a refund, which was returned undelivered.

[2] In particular, the overpayment credits consist of "$2.12 paid on April 30, 2010, $22,319.32 paid on April 30, 2010, $7,427.00 paid on January 31, 2012, and $35.78 paid on March 5, 2012." GSOF ¶ 23.

On December 2, 2014, Birger filed another Form 941-X, requesting a refund to address the "erroneously made duplicative assessments." Gov't Stmt of Facts (GSOF) (Dkt # 33-1) ¶ 22. On May 4, 2015, the IRS agreed that Birger had overpaid $29,784.22 for the fourth quarter of 2009. On January 21, 2016, Birger submitted a Form 843 (Claim for Refund and Request for Abatement) requesting a corresponding refund. On February 17, 2016, the IRS denied the refund because Birger had "filed [its] claim more than 2 years after [it] paid the tax or balance due." *Id.* ¶ 26. Birger appealed the decision, and the IRS Appeals Office affirmed the denial on December 5, 2017.

In a reprise of 2009, in 2011, Birger paid the IRS $15,749.95, the amount it had determined to be its tax liability for the fourth quarter of 2011. But because the deposit exceeded the IRS's then-assessment for that quarter by $11,992.96, the IRS credited that amount toward past tax periods, namely the third and fourth quarters of 2009.[3] Then, on September 20, 2013, the IRS revised its assessment for the fourth quarter of 2011 and charged Birger $14,860.95: $11,992.96 in tax liability plus interest and penalties. On February 13, 2014, Birger paid the IRS $14,860.95. On January 21, 2016,

---

[3] More specifically, the IRS transferred $7,427 and $35.78 as credits to the fourth quarter of 2009 as of January 31, 2012 and March 5, 2012, respectively. Then, the IRS issued Birger a refund of $4,530.25, which was returned as undelivered and later applied as a credit to the third quarter of 2009. *See* Gov't Reply (Dkt # 44), Exs. 1-2.

Birger submitted another Form 843 reporting that it had already paid the IRS $11,992.96, but that it had inadvertently attributed the deposit to the fourth quarter instead of the third quarter.[4]

On February 7, 2018, Birger initiated this lawsuit. On August 20, 2018, the court denied the government's motion to dismiss the Complaint on statute of limitation grounds. Dkt # 22.

## DISCUSSION

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it has the potential of determining the outcome of the litigation." *Maymí v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008). "An issue is 'genuine' when a rational factfinder could resolve it [in] either direction." *Boudreau v. Lussier*, 901 F.3d 65, 71 (1st Cir. 2018) (citation omitted).

"In a refund action under section 7422(a), the taxpayer must bear the burden of proving that the challenged IRS tax assessment was erroneous." *Webb v. I.R.S. of U.S.*, 15 F.3d 203, 205 (1st Cir. 1994). "To properly

---

[4] The IRS has not acted on this form or made a formal decision regarding the claim, beyond the position it takes here.

challenge a tax assessment by obtaining a refund, the taxpayer must first pay the tax assessed against [it] and exhaust [its] administrative remedies." *Wojcicki v. I.R.S.*, 2012 WL 1118626, at *1 (D. Mass. Mar. 7, 2012). Having concluded that Birger exhausted its administrative remedies, *see* Dkt # 22, the court now turns to the issue of whether Birger is entitled to a refund for its alleged overpayments in 2009 (Count I) and 2011 (Count II).

As to Count I, the government concedes that "[t]here is no dispute that Birger Engineering ultimately overpaid its employment taxes for 2009" by $29,784.22.[5] Gov't Mem. (Dkt # 34) at 3. While Birger agrees with the amount owed, it contests "the government's calculations" of the sum. Pl.'s Mem. (Dkt # 38) at 8. The government contends that while the $25,322.96 Birger paid on December 29, 2009 for the fourth quarter of 2009 was duplicative of its December 6, 2012 payment of $25,252.74 for the third quarter of 2009, the latter, unlike the former, was not an overpayment because it resolved taxes actually owed. In other words, Birger overpaid its taxes for the fourth quarter of 2009, not the third quarter.

Birger, for its part, argues that the December 6, 2012 payment of $25,252.74 forms the basis for the refund. It alleges that the government

---

[5] The government still maintains, however, that the refund is time-barred by 26 U.S.C. § 6511, despite the court's August 20, 2018 ruling. Gov't Mem. at 17.

"has created an *ad hoc* explanation" that is inconsistent with its May 4, 2015 notice.[6] Pl.'s Mem. at 9 (italics in original). However, that is not the case. The notice identifies the fourth quarter of 2009 (December 31, 2009) as the tax period for the overpayment. Moran Aff., Ex. 2. And as counsel for the government stated at the hearing on August 1, 2019, Birger's overpayment stemmed from credits from other tax periods, and not from Birger's 2012 payment. The court, therefore, agrees with the government that Birger is entitled to a refund of $29,784.22, plus interest pursuant to 26 U.S.C. § 6611, and no more.[7]

As to Count II, the parties do not agree on the amount owed. Birger contends that it is entitled to a refund of $14,860.85 plus interest for overpaying its 2011 taxes. The government, however, argues that although Birger "in a sense effectively paid $11,992.96 on two occasions for the same

---

[6] The notice states that the $29,784.22 overpayment resulted from a tax decrease of $25,322.95, two penalty decreases of $3,798.45 and $165.09, and a reduction of interest of $497.73. Moran Aff. (Dkt # 38-3), Ex. 2.

[7] Section 6611 provides, in pertinent part, that "interest shall be allowed and paid . . . [i]n the case of a refund, from the date of the overpayment to a date (to be determined by the Secretary) preceding the date of the refund check by not more than 30 days, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer." 26 U.S.C. § 6611. Here, the overpayments, as described in the second footnote, occurred on April 30, 2010, January 31, 2012, and March 5, 2012.

period, no overpayment of this amount occurred in light of [its] entire tax liability and credits made under 26 U.S.C. § 6402(a)." Gov't Mem. at 15.

Section 6402(a) states, in relevant part, that

> [i]n the case of any overpayment, the Secretary . . . may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person.

26 U.S.C. § 6402(a). Treasury Regulations similarly provide that if a taxpayer's payments "exceed the amount of tax shown on the return . . . , the IRS may credit or refund such overpayment without awaiting examination of the completed return and without awaiting the filing of a claim for refund." 26 C.F.R. § 301.6402-4(a).

The court agrees with the government that while Birger paid $14,860.85 more than it reportedly owed for the fourth quarter of 2011, the IRS properly transferred the overpayment amounts, pursuant to section 6402(a), as credits toward other tax liabilities, namely to the third and fourth quarters of 2009. In other words, as counsel for the government asserted at the hearing, the refund for 2009 includes the $11,992.96 that Birger overpaid in 2011.[8] Thus, the second payment of $14,860.95 is not an overpayment

---

[8] Birger does not challenge the IRS's authority to credit its other tax liabilities. *See Sotir v. United States*, 978 F.2d 29, 30 (1st Cir. 1992) ("When a taxpayer makes a voluntary payment without indicating the liability to

7

because Birger did not the pay "more than [was] rightfully due" when considering its tax liability as a whole. *Jones v. Liberty Glass Co.*, 332 U.S. 524, 531 (1947); *see also Lewis v. Reynolds*, 284 U.S. 281, 283 (1932) ("[T]he ultimate question presented for decision, upon a claim for refund, is whether the taxpayer has overpaid his tax. This involves a redetermination of the entire tax liability."); *Pac. Gas & Elec. Co. v. United States*, 417 F.3d 1375, 1381 (Fed. Cir. 2005) ("There cannot be such an overpayment without taking into account any additional amount of assessable tax, interest, or penalty owed by the taxpayer . . . ."). Birger is therefore not entitled to a refund for its 2011 taxes, as the amount it overpaid in 2011 is incorporated in the 2009 refund.

---

which the payment is to be applied, ordinarily the IRS may apply the payment to whichever liability of the taxpayer it chooses."). And Birger's claim that "the 'credits' described by the [government] are not supported by the cited documents," Pl. Stmt of Facts (Dkt # 39) ¶ 37, is belied by the government's exhibits, which confirm that credits were indeed transferred, *see* Gov't Reply, Exs. 1-2.

## ORDER

For the foregoing reasons, the government's motion for summary judgment on both counts is <u>ALLOWED</u>, while Birger's motion is <u>DENIED</u>. The Clerk will enter judgment that Birger is entitled to a refund of $29,784.22 plus interest pursuant to 26 U.S.C. § 6611, and close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE